UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAS GROUP, INC.,<br><br>    Plaintiff/<br>    Counterclaim Defendant,<br><br>    v.<br><br>LECTENT, LLC<br><br>    Defendant/<br>    Counterclaim Plaintiff,<br><br>    and<br><br>EDWARD Z. CAI,<br><br>    Defendant. | Civil Action No. 08-CV-6267 (KMK)<br><br>**ANSWER AND COUNTERCLAIM** |

Defendant Lectent, LLC ("Lectent"), by and through its attorneys, hereby Answers and otherwise responds to the Complaint of Plaintiff SAS Group, Inc. ("SAS") and asserts Counterclaims against SAS as follows:

### FIRST DEFENSE – FED. R. CIV. P. 8(b)

#### JURISDICTION AND VENUE

1.    Paragraph 1 of the Complaint contains legal conclusions to which no response is required.

2.    To the extent Paragraph 2 of the Complaint contains legal conclusions to which no response is required, none is given. Defendant denies that any of the named Defendants have committed any tortious acts that have caused injury to SAS in New York. Defendant denies that its conduct or the conduct of Dr. Edward Cai in any way gives rise to any justiciable controversy

between Plaintiff and Defendants. Defendant denies that Edward Cai has transacted business with or in the State of New York. Defendant denies that Edward Cai as President of Lectent has acted in any manner to give rise to the alleged conduct in the Complaint or has acted in any manner so as to confer jurisdiction over Edward Cai.

3.    Paragraph 3 of the Complaint contains legal conclusions to which no response is required. Defendant denies that there exists any basis for personal jurisdiction over Edward Cai. Defendant denies that there are any events or omissions that give rise to any claim occurring in this or any judicial district.

<u>THE PARTIES</u>

4.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 4 of the Complaint and on that basis denies the same.

5.    Defendant admits that Defendant Lectent is a Washington limited liability corporation with its principal place of business located at 1101 N.W. 144th Street, Suite 107, Vancouver, Washington, 98685. Defendant admits that Edward Cai is the President of Lectent.

6.    Defendant admits the allegations in Paragraph 6 of the Complaint.

7.    Defendant admits the allegations in Paragraph 7 of the Complaint.

8.    Defendant admits that Edward Cai is the President of Lectent and is the named inventor of the claimed subject matter in U.S. Patent Application publication No. US 2006/0032852A1 entitled "Airtight Lid For Container and Method of Use" which published on February 16, 2006, and for which a notice of allowance has not yet issued. Defendant denies the remaining allegations of paragraph 8.

9.    Defendant admits that Edward Cai is the President of Lectent and is the named inventor of the claimed subject matter in U.S. Patent Application publication No. US

DC2DOCS1#981046                                                   - 2 -

2008/0041852A1 entitled "Vacuum Generating Device For Sealing Perishable Products and Method of Use" which published on February 21, 2008, and for which a patent has not yet issued. Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

10.     Defendant admits the allegations in Paragraph 10 of the Complaint.

## FACTUAL ALLEGATIONS

11.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 11 of the Complaint and on that basis denies the same.

12.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 12 of the Complaint and on that basis denies the same.

13.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 13 of the Complaint and on that basis denies the same.

14.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 14 of the Complaint and on that basis denies the same.

15.     Defendant admits that it markets and sells a vacuum food sealer product under the trademark, "Keepeez." Defendant admits that the trademark and trade dress for its "Keepeez" vacuum food sealer products are recognized by consumers nationally, including consumers in the State of New York. Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

16.     Defendant admits that consumers can order Keepeez® products through the Internet and have such products sent to residences and places of business including in the State of New York.

17.     Defendant admits that Lectent has transacted business with consumers in the State of New York and has shipped product to consumers in the State of New York.

18.     Defendant admits that it has transacted business with retail establishments that sell Keepeez® products to consumers in New York, including consumers in the Southern District of New York.

19.     Defendant denies that Dr. Cai has conducted business in the State of New York. By way of further denial Defendant states that Dr. Cai has not travelled to or in the state of New York for business or personal reasons.

20.     Defendant denies the allegations in Paragraph 20 of the Complaint.

21.     Paragraph 21 of the Complaint is incomprehensible because there are no specific "retailers listed in Paragraph 18" of the Complaint. Defendant is without sufficient information to admit or deny the allegations of Paragraph 21 of the Complaint and on that basis denies the same.

22.     Paragraph 22 of the Complaint is incomprehensible because it references "various customers and/or accounts of SAS" and then relies on this vague reference for allegations.    To the extent such allegations are incomprehensible, Defendant therefore denies the allegations in Paragraph 22 of the Complaint. Defendant admits that Lectent has filed patent applications but that no patents have currently issued. Defendant denies the remaining allegations in Paragraph 22.

23.     Defendant denies the allegations in Paragraph 23 of the Complaint. By way of further explanation, Defendant notes that the purported April 2008 letter attached as Exhibit A is not complete and does not have the full attachments.

24.     To the extent Defendant is without sufficient information to admit or deny the allegations of Paragraph 24 of the Complaint Defendant on that basis denies the same. Defendant

denies that either Dr. Cai or Lectent were aware of any business relationship between SAS and Bartell Drugs or any purported business transactions between them.

    25.    Defendant denies the allegations in Paragraph 25 of the Complaint.

    26.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 26 relating to any purported business relationship between Supertek and SAS or as to the size of Canadian Tire or the allegations thereto and therefore Defendant denies same. Defendant denies the remaining allegations in Paragraph 26 of the Complaint.

    27.    Defendant admits that neither Lectent nor Dr. Cai has applied for nor is a patent pending in Canada relating to the Keepeez products. Defendant denies the remaining allegations in Paragraph 27 of the Complaint.

    28.    Defendant denies the allegations in Paragraph 28 of the Complaint.

    29.    Defendant denies the allegations in Paragraph 29 of the Complaint.

    30.    Defendant denies the allegations in Paragraph 30 of the Complaint.

    31.    Defendant admits that neither Lectent nor Dr. Cai has an issued patent in Europe. Defendant denies the remaining allegations in Paragraph 31 of the Complaint.

    32.    Defendant denies the allegations in Paragraph 32 of the Complaint.

    33.    Defendant admits that its counsel sent a letter to SAS in or about May 2008 and that what appears to be an incomplete copy of that letter is attached to the Complaint as Exhibit B. Defendant denies the remaining allegations in Paragraph 33 of the Complaint.

    34.    Defendant admits that the letter drafted by Lectent counsel acknowledged that the patent applications in paragraphs 8 and 9 herein have not yet issued. Defendant denies the remaining allegations in paragraph 34 of the Complaint.

FIRST CAUSE OF ACTION

## DECLARATORY RELIEF

35.    Defendant repeats its answers and responses to the allegations in paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 36 of the Complaint and on that basis denies the same.

37.    Defendant admits that Lectent markets, sells and distributes kitchen products utilizing the trademark Keepeez® and has trade dress associated with its products.

38.    Defendant denies the allegations in Paragraph 38 of the Complaint.

39.    Defendant denies the allegations in Paragraph 39 of the Complaint.

40.    Defendant admits that the patent applications in the United States and Europe have not yet issued. Defendant denies the remaining allegations in Paragraph 40 of the Complaint.

41.    Paragraph 41 of the Complaint is incomprehensible because it incorporates unknown items with the inclusion of "among other things" in the allegation and then relies on this vague reference for allegations. To the extent such allegations are incomprehensible, Defendant therefore denies the allegations in Paragraph 41 of the Complaint. To the extent Paragraph 41 of the Complaint contains legal conclusions to which no response is required, none is given.

42.    Defendant admits that SAS's conduct violates certain federal and state law, as detailed in Lectent's Counterclaims, *infra*. Defendant denies the remaining allegations in Paragraph 42 of the Complaint.

43.    Defendant denies the allegations in Paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint contains legal conclusions to which no response is required.

45.     Defendant denies the allegations in Paragraph 45 of the Complaint.

SECOND CAUSE OF ACTION
FALSE ADVERTISING – UNFAIR BUSINESS PRACTICES
UNDER THE LANHAM ACT

46.     Defendant repeats its answers and responses to the allegations in paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 47 of the Complaint and on that basis denies the same.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint.

49.     Defendant admits that Lectent has intellectual property and/or patent rights in the United States, Canada and Europe.  Defendant admits that SAS's "Smart Lidz" and/or "Chef Tony's Smart Lidz" kitchen products infringe upon certain of Lectent's intellectual property rights, some of which are contained in the counterclaims alleged herein.  Defendant denies the remaining allegations in Paragraph 49 of the Complaint.

50.     Defendant admits that two patent applications as specified in paragraphs 8 and 9 herein are pending but have not yet issued.  Defendant denies the remaining allegations in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations in Paragraph 55 of the Complaint.

THIRD CAUSE OF ACTION
TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE

56.    Defendant repeats its answers and responses to the allegations in paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57.    Defendant denies that Dr. Cai or Lectent was aware of any purported business relationships between SAS and the companies including Bartells Drugs, Walgreens, Bed Bath & Beyond, target, J.C. Penny, Wal-Mart, Kohl's or Canadian Tire. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 57 of the Complaint and on that basis denies the same.

58.    Defendant denies the allegations in Paragraph 58 of the Complaint.

59.    Defendant denies the allegations in Paragraph 59 of the Complaint.

60.    Defendant admits that two patent applications as specified in paragraphs 8 and 9 herein are pending but have not yet issued. Defendant further admits that neither it nor Dr. Cai have any issued patents relating to the Keepeez® products in the United States, Canada or Europe. Defendant denies the remaining allegations of paragraph 60.

61.    Defendant admits that it has not applied for patent protection with regard to its Keepeez product in Canada. Defendant denies the remaining allegations in Paragraph 61 of the Complaint.

62.    Defendant admits that it has applied for patents in Europe that have not yet issued. Defendant denies the remaining allegations in Paragraph 62 of the Complaint.

63.    Defendant denies the allegations in Paragraph 63 of the Complaint.

64.    Defendant admits that Dr. Cai and Lectent have knowledge that no patents have yet issued in the United States, Canada or Europe relating to the Keepeez® products. Defendant denies the remaining allegations in Paragraph 64 of the Complaint.

65.     Defendant denies that Lectent and/or its authorized agents and/or representatives made any improper threats of litigation or infringement at the direction of Dr. Cai. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 65 of the Complaint and on that basis denies the same.

66.     Defendant denies the allegations in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations in Paragraph 69 of the Complaint.

### FOURTH CAUSE OF ACTION
### PRIMA FACIE TORT

70.     Defendant repeats its answers and responses to the allegations in paragraphs 1 through 69 of the Complaint as if fully set forth herein.

71.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 71 of the Complaint and on that basis denies the same.

72.     Defendant admits that Lectent markets, sells and distributes kitchen products utilizing the trademark Keepeez® and has trade dress associated with the products.

73.     Defendant admits that patent applications relating to its Keepeez products in the United States and Europe have not yet issued and that it has not applied for a patent for its Keepeez line of products in Canada. Defendant denies the remaining allegations in Paragraph 73 of the Complaint.

74.     Defendant admits that there are two patent applications pending in the United States relating to the technology associated with the Keepeez products. Defendant denies the remaining allegations in Paragraph 74 of the Complaint.

75.   Defendant admits that it has no issued patents or patent applications pending in Canada relating to its Keepeez® products.

76.   To the extent the allegations in Paragraph 76 of the Complaint are incomprehensible, on that basis Defendant denies the same.  Defendant admits that patent applications are pending in Europe relating to the Keepeez products.

77.   Defendant denies the allegations in Paragraph 77 of the Complaint.

78.   Defendant denies the allegations in Paragraph 78 of the Complaint.

79.   Defendant denies the allegations in Paragraph 79 of the Complaint.

80.   Defendant denies the allegations in Paragraph 80 of the Complaint.

81.   Defendant denies the allegations in Paragraph 81 of the Complaint.

82.   Defendant denies the allegations in Paragraph 82 of the Complaint.

FIFTH CAUSE OF ACTION
VIOLATION OF GBL §349

83.   Defendant repeats its answers and responses to the allegations in paragraphs 1 through 82 of the Complaint as if fully set forth herein.

84.   Defendant denies the allegations in Paragraph 84 of the Complaint.

85.   Defendant denies the allegations in Paragraph 85 of the Complaint.

86.   Defendant is without sufficient information to admit or deny the allegations in Paragraph 86 of the Complaint and on that basis denies the same.

87.   Defendant denies the allegations in Paragraph 87 of the Complaint.

88.   Defendant denies the allegations in Paragraph 88 of the Complaint.

89.   Defendant denies the allegations in Paragraph 89 of the Complaint.

90.   Defendant denies the allegations in Paragraph 90 of the Complaint.

SIXTH CAUSE OF ACTION

## CIVIL CONSPIRACY

91.     Defendant repeats its answers and responses to the allegations in paragraphs 1 through 90 of the Complaint as if fully set forth herein.

92.     Defendant denies the allegations in Paragraph 92 of the Complaint.

93.     Defendant denies the allegations in Paragraph 93 of the Complaint.

94.     Defendant denies the allegations in Paragraph 94 of the Complaint.

95.     Defendant denies the allegations in Paragraph 95 of the Complaint.

96.     Defendant denies the allegations in Paragraph 96 of the Complaint.

97.     Defendant denies the allegations in Paragraph 97 of the Complaint.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT

98.     Defendant repeats its answers and responses to the allegations in paragraphs 1 through 97 of the Complaint as if fully set forth herein.

99.     Paragraph 99 of the Complaint contains legal conclusions to which no response is required.

100.    Defendant denies the allegations in Paragraph 100 of the Complaint.

101.    Defendant denies the allegations in Paragraph 101 of the Complaint.

102.    Defendant denies the allegations in Paragraph 102 of the Complaint.

103.    Defendant denies the allegations in Paragraph 103 of the Complaint.

104.    Defendant denies the allegations in Paragraph 104 of the Complaint.

105.    Defendant denies the allegations in Paragraph 105 of the Complaint.

## EIGHTH CAUSE OF ACTION
## INJUNCTIVE RELIEF

106.    Defendant repeats its answers and responses to the allegations in paragraphs 1 through 105 of the Complaint as if fully set forth herein.

107.    Defendant denies the allegations in Paragraph 107 of the Complaint.

108.    To the extent Paragraph 108 of the Complaint contains legal conclusions to which no response is required, none is given. Defendant denies that either Lectent or Dr. Cai or any authorized agents or representatives have made any false or improper statements

109.    Paragraph 109 of the Complaint contains legal conclusions to which no response is required. Defendant denies that there is any conduct of any Defendant or any agents or representatives thereof which can or should be properly enjoined.

PRAYER FOR RELIEF

To the extent that the Complaint's prayer for relief makes any allegations, Defendant denies those allegations. Defendant denies that SAS is entitled to any relief in this action.

*        *        *

Any claim, allegation, characterization, and/or statement in Plaintiff's Complaint heretofore neither expressly admitted nor denied is hereby expressly denied.

**SECOND DEFENSE – FED. R. CIV. P. 12(b)(2)**

This Court does not have personal jurisdiction over Defendant Edward Z. Cai because, among other reasons, he is not a resident of the state of New York and has not transacted business within the state of New York nor are the allegations of the Complaint alleged sufficiently nor are there any facts which could be alleged sufficiently on any other basis by which to exercise jurisdiction over Dr. Cai. Accordingly, Defendant Cai files contemporaneously herewith his motion to dismiss based on lack of personal jurisdiction.

## THIRD DEFENSE – FED. R. CIV. P. 12(b)(6)

SAS fails to state any claim upon which relief can be granted under any theory against any defendant.  Further, SAS fails to state any specific claim against Edward Z. Cai.

## FOURTH DEFENSE – FED. R. CIV. P. 12(e)

SAS's claims against Defendant Edward Z. Cai fail for lack of specificity.  The claims and allegations do not specifically identify any actions taken by Dr. Cai in his personal capacity.  As a result, it is impossible for Dr. Cai to respond to the complaint in any meaningful way.

## FIFTH DEFENSE – FED. R. CIV. P. 8(c)

1.      SAS brings this action with unclean hands by using the process of this Court for improper business purposes.

2.      SAS's claims are barred by the doctrines of laches, estoppel, and/or waiver.

## SIXTH DEFENSE

Plaintiff's claims are duplicative.

## SEVENTH DEFENSE

Lectent and Cai reserve the right to present additional affirmative defenses and/or responses and/or counterclaims as such matters are revealed during the course of the litigation.

\*      \*      \*

## LECTENT'S COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Lectent Counterclaims against SAS, and in support thereof, alleges as follows upon information and belief:

THE PARTIES

1.      Counterclaim Plaintiff Lectent, LLC ("Lectent") is a limited liability corporation organized and existing under the laws of the state of Washington, with its principal place of business at 1101 N.E. 144th Street, Suite 107, Vancouver, Washington 98685.

2.      Counterclaim Defendant SAS Group, Inc. ("SAS") is a New York corporation with its principal place of business at 220 White Plains Road, Tarrytown, New York.

JURISDICTION AND VENUE

3.      These Counterclaims arise under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*; the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*; the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*; and New York General Business Law §§ 349 and 350.

4.      This Court has jurisdiction over the counterclaims pursuant to 15 U.S.C. §§ 1121, 35 U.S.C. §§ 1 *et seq.*, 28 U.S.C. §§ 2201 *et seq.*, and 28 U.S.C. §§ 1331, 1332 and 1338. This Court also has supplemental jurisdiction over the claims based on New York statutes pursuant to 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over SAS because it is incorporated in New York, its principal place of business is in New York, it transacts business in New York, and it is otherwise subject to jurisdiction in this state.

6.      Venue is proper in this Judicial District under 28 U.S.C. §§ 1391.

7.      Jurisdiction and venue are further established by the filing of this action by SAS against Lectent in this Judicial District.

FACTUAL ALLEGATIONS

8.      Lectent designs, develops, manufactures, markets, distributes, and sells a broad variety of household products, including kitchenwares such as its Keepeez® reusable vacuum

sealing lids. Lectent has expended substantial amounts of time, money, and resources in the research, development, manufacturing, and sale of its products. As a result of its efforts and expenditures, Lectent is an industry leader in developing kitchenware and other household products.

9.      Lectent's Keepeez® reusable vacuum sealing lids are a household product used to store food and keep it fresh. Keepeez® reusable vacuum sealing lids can be used to cover many bowls, pots, pans, cups, jars, etc. that have a smooth rim allowing the Keepeez® lid to uniformly contact the rim and provide an air tight seal.

10.     Lectent President Dr. Edward Z. Cai is the inventor of the underlying technology for Lectent's Keepeez® lids, and has filed two currently pending U.S. Patent applications.

11.     On or about August 12, 2004, Lectent's President, Dr. Edward Z. Cai, caused to be filed U.S. Patent Application Number 10/917,016, entitled "Airtight Lid For Container and Method of Use." The subject matter of this patent application was disclosed to the public via U.S. Patent Application Publication No. US 2006/0032852 A1 on February 16, 2006.

12.     On or about August 5, 2006, Lectent's President, Dr. Edward Z. Cai, caused to be filed U.S. Patent Application Number 11/499,280, entitled "Vacuum Generating Device For Sealing Perishable Products and Method of Use." The subject matter of this patent application was disclosed to the public via U.S. Patent Application Publication No. US 2008/0041852 A1 on February 21, 2008.

13.     Lectent is the assignee of the two above-named U.S. Patent applications regarding its Keepeez® lids, as well as two corresponding Patent Cooperation Treaty (PCT) applications and many foreign patent applications.

14.    Lectent's Keepeez® products are manufactured with the highest quality materials and have been tested to withstand thousands of repeated uses.

15.    Lectent's unique, high-quality Keepeez® products have been featured on HGTV and the NBC Today Show.

16.    SAS directly competes with Lectent in the reusable vacuum sealing lids market by marketing and selling its Smart Lidz products. SAS also markets its competing product under the name "Chef Tony's Smart Lidz."

17.    In commercial advertising and promotion, SAS, in active commercial competition with Lectent, has falsely and misleadingly stated that its SmartLidz product can "vacuum seal any bowl, jar, cup or can – any size, shape or material," has a "Universal fit," and can "Seal anything in any size container."

18.    The SmartLidz product will not seal any bowl, jar, cup or can in any size shape or material. In fact, SmartLidz will not function on any container that does not have a completely flat, smooth surface rim.

19.    Upon information and belief, the SmartLidz product does not have a Universal fit nor will it seal anything in any size container. In fact, when one attempts to seal a small container with a large SmartLidz cover, the purported "vacuum" seal is broken in as little as 30 seconds and in no event after less than 5 minutes.

20.    The SmartLidz product is of inferior quality to the Keepeez® product.

21.    In commercial advertising and promotion, SAS, in active commercial competition with Lectent, has falsely and misleadingly stated that its SmartLidz product "Keeps food fresher five times longer."

22.     SAS has infiltrated the Keepeez® market with its inferior and malfunctioning SmartLidz product and has thereby sullied the Keepeez® market, causing the market to disappear entirely with consumers and with various national retailers such as Rite Aid.

23.     On or about July 10, 2008, SAS commenced this lawsuit against Lectent by filing the Complaint in this action, seeking, *inter alia*, a judgment that Lectent has interfered with its business.

24.     As set forth in the foregoing Answer and Defenses to the Complaint, Lectent denies that it has directly or indirectly interfered with SAS's business in any manner that violates any law.

25.     Based on the foregoing, an immediate and justiciable controversy exists between Lectent and SAS.

## FIRST COUNTERCLAIM
(False Advertising and Unfair Competition Under 15 U.S.C. § 1125(a))

26.     Lectent realleges and incorporates herein by reference each and every paragraph above as if set forth here in full.

27.     In commercial advertising and promotion, SAS, in active commercial competition with Lectent, has falsely and misleadingly stated that its SmartLidz product can "vacuum seal any bowl, jar, cup or can – any size, shape or material," have a "Universal fit," and "Seal anything in any size container."

28.     In commercial advertising and promotion, SAS, in active commercial competition with Lectent, has falsely and misleadingly stated that its SmartLidz product "Keeps food fresher five times longer."

29.    SAS has made each of its false or misleading statements with knowledge of their false and misleading character, willfully, and with reckless disregard for their false and misleading character.

30.    Upon information and belief, each of SAS's statements has the tendency to deceive a substantial segment of its intended audience, and has actually deceived a substantial segment of its intended audience.

31.    SAS's deception is material as its false statements relate to the nature, characteristics, and qualities of its products.

32.    SAS caused its false advertising to enter interstate commerce, including by posting claims on an Internet site and through other advertising in interstate commerce.

33.    Lectent is being injured by SAS's false advertising by, for instance, a diversion of business from Lectent to SAS and a lessening of goodwill associated with Lectent's products, as consumers of reusable lid products are misled by SAS's statements.

34.    SAS's false and misleading statements and actions violate the Lanham Act, 15 U.S.C. § 1125(a).

35.    Lectent is being irreparably harmed, has no adequate remedy at law, and is entitled to injunctive relief.

36.    SAS's intentional and willful violations entitle Lectent to recover three times its actual damages and SAS's profits, in amounts to be determined at trial, pursuant to 15 U.S.C. § 1117(a).

37.    This is an exceptional case, entitling Lectent to recover its reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a) in an amount to be determined at trial.

## SECOND COUNTERCLAIM
(Declaratory Relief Pursuant to the U.S. Patent Laws)

38.     Lectent realleges and incorporates herein by reference each and every paragraph above as if set forth here in full.

39.     SAS has denied publicly that Lectent has or ever will have any patent rights in its Keepeez® products. SAS has stated affirmatively that Lectent never will have any patent rights in its Keepeez® products.

40.     An actual, substantial, and continuing justiciable case or controversy exists between Lectent and SAS concerning Lectent's use of advertising and marketing materials stating that it has patents pending for the technology used in its Keepeez® reusable vacuum sealing lids.

41.     On or about August 12, 2004, Lectent's President, Dr. Edward Z. Cai, caused to be filed U.S. Patent Application Number 10/917,016, entitled "Airtight Lid For Container and Method of Use." This patent application is currently pending before the United States Patent and Trademark Office. The subject matter of the patent application was disclosed to the public via U.S. Patent Application Publication No. US 2006/0032852 A1 on February 16, 2006. Lectent is the assignee of this Patent Application.

42.     On or about August 5, 2006, Lectent's President, Dr. Edward Z. Cai, caused to be filed U.S. Patent Application Number 11/499,280, entitled "Vacuum Generating Device For Sealing Perishable Products and Method of Use." This patent application is currently pending before the United States Patent and Trademark Office. The subject matter of the patent application was disclosed to the public via U.S. Patent Application Publication No. US 2008/0041852 A1 on February 21, 2008. Lectent is the assignee of this Patent Application.

43.    Lectent's President, Dr. Edward Z. Cai, has also filed two Patent Cooperation Treaty (PCT) applications that correspond to the two U.S. Patent Applications named above, as well as many foreign patent applications.

44.    Lectent's Keepeez® products fall within the scope of the subject matter claimed in the pending U.S. Patent Application Numbers 10/917,016 and 11/499,280.

45.    Pursuant to 35 U.S.C. § 154(d), a patent applicant has provisional rights after publication of a patent application. These rights are available to the patent applicant if, inter alia, a potential infringer "had actual notice of the published patent application."

46.    Pursuant to 35 U.S.C. § 292, it is permissible for a patent applicant to mark a product or advertise a product with the words "patent pending" or other similar words, when the product falls within the scope of the claims of a pending patent application.

47.    Lectent is entitled to a declaratory judgment that it can put others on actual notice of its published patent applications and that it can include the phrase "Patent Pending" or a variation thereof when advertising and marketing its Keepeez® reusable vacuum sealing lids.

### THIRD COUNTERCLAIM
(Unfair Competition & Deceptive Trade Practices
Under N.Y. General Business Law § 349)

48.    Lectent realleges and incorporates herein by reference each and every paragraph above as if set forth here in full.

49.    By reason of the acts and practices set forth above, SAS has and is engaged in deceptive trade practices or acts in the conduct of business, trade, or commerce, or furnishing of goods and/or services in violation of Section 349 of the New York General Business Law.

50.    Such false statements and omissions have the effect of misrepresenting the nature and characteristics of the goods and services being offered by SAS, which practice is unfair,

unethical, and unscrupulous, and causes substantial injury to consumers, to the public, and to SAS's competitors, including Lectent.

51.    Lectent is entitled to judgment that SAS's actions violate New York General Business Law § 349. Unless enjoined by this Court, SAS will continue said deceptive trade practices or acts, thereby deceiving the public and causing immediate and irreparable damage to Lectent and to the public. Lectent has no adequate remedy at law.

### FOURTH COUNTERCLAIM
(False Advertising Under N.Y. General Business Law §350)

52.    Lectent realleges and incorporates herein by reference each and every paragraph above as if set forth here in full.

53.    By reason of the acts and practices set forth above, SAS has and is engaged in false advertising and deceptive trade practices or acts in the conduct of business, trade, or commerce, or furnishing of goods and/or services, in violation of Section 350 of the New York General Business law.

54.    Such false statements and omissions have the effect of misrepresenting the nature and characteristics of the goods and services being offered by SAS, which practice is unfair, unethical, and unscrupulous, and causes substantial injury to consumers, to the public, and to SAS's competitors, including Lectent.

55.    Lectent is entitled to judgment that SAS's actions violate New York General Business Law § 350. Unless enjoined by this Court, SAS will continue said deceptive trade practices or acts, thereby deceiving the public and causing immediate and irreparable damage to Lectent and to the public. Lectent has no adequate remedy at law.

### FIFTH COUNTERCLAIM
(Tortious Interference with Prospective Business Advantage)

56.    Lectent realleges and incorporates herein by reference each and every paragraph above as if set forth here in full.

57.    Lectent markets its Keepeez® products to various retail establishments and/or distributors in the United States, Canada and Europe, including but not limited to Wal-mart, Rite Aid, J.C. Penny, Target, and Bed Bath & Beyond.

58.    Upon information and belief, SAS and authorized agents of SAS have approached retailers, distributors, customers and accounts, some of whom purchase kitchen goods from Lectent, in order to induce retailers, customers, accounts and/or distributors to purchase and/or market and distribute SAS's SmartLidz products and discontinue selling Keepeez® or otherwise decide not to purchase, sell or distribute the Keepeez® product.

59.    Upon information and belief, SAS or its authorized agents and/or representatives asserted that the SmartLidz product was of superior quality to the Keepeez® product or had capabilities that the SmartLidz product did not have.

60.    In fact, SAS and its authorized agents and/or representatives knew or should have known that the SmartLidz product is not superior to the Keepeez® product and cannot perform many of the functions that Keepeez® can perform.

61.    Certain of Lectent's customers and/or accounts and/or potential customers and/or accounts have refrained from and/or refused to purchase and/or enter into purchasing agreements with Lectent or its distributors with respect to its Keepeez® products.  Upon information and belief, these accounts and/or customers, and/or potential accounts and/or customers of Lectent decided not to purchase Keepeez® products from Lectent as a result of knowingly improper and false statements and representations or omissions by SAS and/or its authorized agents and/or representatives.

62.     As a result of the improper, misleading or false statements, misrepresentations or omissions by SAS and/or its authorized agents and/or representatives, Lectent has lost the sales of tens, if not hundreds, of thousands of units of sales of its Keepeez® products and has lost profits well in excess of one hundred thousand dollars.

63.     Damages incurred by Lectent include lost revenues and/or profits which Lectent would have obtained from distributors, customers and/or accounts through the sale and/or distribution of Lectent's Keepeez® products to those distributors, customers and/or accounts, but for the intentional, wrongful and malicious conduct of SAS and/or SAS's authorized agents and/or representatives through a course of conduct of false and misleading misrepresentations, statements and omissions.

64.     Lectent has suffered damages as a result of SAS's wrongful conduct in an amount to be determined at trial, including but not limited to, lost revenues and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Lectent respectfully requests that this Court enter an Order and Judgment against counterclaim Defendant SAS and in favor of counterclaim Plaintiff Lectent, as follows:

A.     Dismissing SAS's Complaint with prejudice and denying each and every request for relief made by SAS;

B.     Granting a preliminary and permanent injunction prohibiting:

1.     SAS from asserting or otherwise making false statements that its Smart Lidz products can "vacuum seal any bowl, jar, cup or can – any size, shape or material"; have a "Universal fit"; "Seal anything in any size container"; or, any other similar such statement; and,

      2.      SAS from asserting or otherwise making the false statement that its Smart Lidz products "Keep[] food fresher five times longer" or any other similar such statement;

C.      Granting relief in the form of an accounting by SAS of all gains, profits and advantages derived from their unlawful activities, such amount to be trebled pursuant to 15 U.S.C. § 1117(a) by virtue of SAS's unlawful conduct;

D.      Granting relief in the form of an award of compensatory and punitive damages in an amount to be proven at trial, such amount to be trebled pursuant to 15 U.S.C. § 1117(a) by virtue of SAS's willful conduct;

E.      Declaring that Lectent has not, and is not currently violating any law with respect to its advertising and marking related to its currently pending United States Patent Application Numbers 10/917,016 and 11/499,280, and affirming that Lectent can so mark and advertise its Keepeez® products;

F.      Awarding Lectent all applicable attorneys' fees and costs; and

G.      Awarding Lectent such other and further relief as this Court may deem just and proper.

JURY DEMAND

Lectent respectfully requests a trial by jury on all issues claims, and causes of action appropriately tried to a jury.

Dated: September 5, 2008
New York, New York

Respectfully submitted,

VENABLE LLP
Michael C. Hartmere (MH-6839)
1270 Avenue of the Americas
The Twenty-Fifth Floor
New York, New York  10020
Phone: (212) 307-5500
Fax: (212) 307-5598
mchartmere@venable.com

Roger A. Colaizzi (application for admission pending)
*Mary Ellen R. Himes (application for admission *pro hac vice* pending)
575 7th Street, N.W.
Washington, D.C. 20004
Phone: (202) 344-4000
Fax: (202) 344-8300
racolaizzi@venable.com
mehimes@venable.com

*Counsel for Lectent, LLC and Edward Z. Cai*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of September, 2008, I caused a true

and correct copy of the foregoing Answer and Counterclaims to be filed with the Clerk of

the Cout via the CM/ECF system, which caused notice of such filing to be served on:

>   Kevin J. Harrington
>   John T. A. Rosenthal
>   HARRINGTON, OCKO & MONK, LLP
>   81 Main Street, Suite 215
>   White Plains, New York 10601

Michael C. Hartmere