UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAS GROUP, INC.,<br><br>        Plaintiff/<br>        Counterclaim Defendant,<br><br>    v.<br><br>LECTENT, LLC<br><br>        Defendant/<br>        Counterclaim Plaintiff,<br><br>    and<br><br>EDWARD Z. CAI,<br><br>        Defendant. | Civil Action No. 08-CV-6267 (KMK) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS CLAIMS AGAINST
DEFENDANT EDWARD Z. CAI FOR LACK OF PERSONAL JURISDICTION**

**VENABLE LLP**

Rockefeller Center
1270 Avenue of the Americas, 25th Floor
New York, New York 10020
Tel: (212) 307-5500
*Attorneys for Defendant Edward Z. Cai*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................... 1

STATEMENT OF RELEVANT FACTS...................................................................... 2

    I.      Allegations in the Complaint.......................................................................... 2

    II.      Facts Relating to Personal Jurisdiction .................................................... 3

ARGUMENT ................................................................................................................ 4

    I.      The Personal Jurisdiction and Due Process Analysis Under New York Law. ............. 4

    II.      Plaintiff Lacks Factual Support To Establish General Jurisdiction Over
Defendant Under Section 301. .................................................................................... 5

    III.      Plaintiff Lacks Factual Support To Establish Specific Jurisdiction Over
Defendant Under Section 302. .................................................................................... 7

        A.    Jurisdiction does not exist pursuant to N.Y. CPLR § 302(a)(1). ........................ 7

        1.    Individual Defendant Cai did not "transact business" in New York. .................... 8

        2..    Even if the Individual Defendant "transacted business" in New York, Plaintiff's
claims do not arise from the transacting of such business. ............................................... 11

        i.    *The Claims Do Not Relate to or Arise from*.............................................. 12

*Dr. Cai's Contacts with New York*.................................................................. 12

        ii.    *Dr. Cai Has Not Availed Himself of the* ............................................... 13

*Privilege of Conducting Activities in New York* ............................................ 13

CONCLUSION ............................................................................................................ 14

## TABLE OF AUTHORITIES

### Cases

*Ball v. Metallurgie Hoboken-Overpelt, S.A.,*
  902 F.2d 194 (2d Cir.1990) ………………………………………………….5

*Best Van Lines, Inc. v. Walker,*
  490 F.3d 239 (2d Cir. 2007) …………………………………………… 4, 5, 7, 8

*Burger King Corp. v. Rudzewicz,*
  471 U.S. 462 (1985) ………………………………………………………13, 14

*Burrows Paper Corp. v. R.G. Engineering, Inc.,*
  363 F. Supp. 2d 379 (N.D.N.Y. 2005) ………………………………………… 5, 6

*Calder v. Jones,*
  465 U.S. 783 (1984) …………………………………………………………2, 14

*Deutsche Bank Sec., Inc. v. Montana Bd. of Invs.,*
  7 N.Y.3d 65, 850 N.E.2d 1140, 818 N.Y.S.2d 164 (2006) ……………………………11

*Dollar Sav. Bank v. First Sec. Bank of Utah, N.A.,*
  746 F.2d 208 (3d Cir. 1984) …………………………………………………12

*Hypoxico, Inc. v. Colo. Altitude Training LLC,*
  No. 02 Civ. 6191, 2003 U.S. Dist. LEXIS 11862,
  2003 WL 21649437 (S.D.N.Y. July 14, 2003) …………………………………………7

*In re Ski Train Fire,*
  230 F. Supp. 2d 376 (S.D.N.Y. 2002) …………………………………………….5

*Interiors Group, Inc. v. Haworth, Inc.,*
  1996 U.S. Dist. LEXIS 10756 (S.D.N.Y. July 30, 1996) …………………………….9

*Int'l Healthcare Exchange, Inc. v. Global Healthcare Exchange, LLC,*
  470 F. Supp. 2d 345 (S.D.N.Y. 2007) …………………………………………….4

*Ivy Mar Co. v. C.R. Seasons Ltd.,*
  1997 U.S. Dist. LEXIS 897, 1997 WL 37082 (E.D.N.Y. Jan. 24, 1997) ………………13

*Jazini v. Nissan Motor Co., Ltd.,*
  148 F.3d 181 (2d Cir. 1998) …………………………………………………….9

*Johnson v. Ward,*
  4 N.Y.3d 516, 829 N.E.2d 1201, 797 N.Y.S.2d 33 (N.Y. 2005) ………………………….12

*Karubu Corp. v. Gitner*,
    16 F. Supp. 2d 319 (S.D.N.Y. 1998) ………………………………………………9, 10

*Kinetic Instruments v. Lares*,
    802 F. Supp. 976 (S.D.N.Y. 1992) …………………………………………………...11

*Kransco Mfg., Inc. v. Markwitz*,
    656 F.2d 1376 (9th Cir. 1981) …………………………………………………………..14

*Kreutter v. McFadden Oil Corp.*,
    71 N.Y.2d 460, 572 N.Y.S.2d 195, 522 N.E.2d 40 (1988) …………………… …10, 11

*Kronisch v. United States*,
    150 F.3d 112 (2d Cir. 1998) ……………………………………………………………4

*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*,
    918 F.2d 1039 (2d Cir. 1990) …………………………………………………………...6

*McKee Elec. Co. v. Rauland-Borg Corp.*,
    229 N.E.2d 604, 283 N.Y.S.2d 34 (1967) ………………………………………………7

*MedPay Sys., Inc. v. MedPay USA, LLC*,
    No. 06-CV-1054, 2007 U.S. Dist. LEXIS 30201 (E.D.N.Y. Mar. 29, 2007) …………6, 7

*Ontel Prods., Inc. v. Project Strategies Corp.*,
    899 F. Supp. 1144 (S.D.N.Y. 1995) ……………………………………………………11

*Pilates, Inc. v. Current Concepts*,
    1996 U.S. Dist. LEXIS 15415, 1996 WL 599654 (S.D.N.Y. Oct. 18, 1996) …………..10

*Retail Software Services, Inc. v. Lashlee*,
    854 F.2d 18 (2d Cir. 1988) …………………………………………………………...10

*Rush v. Savchuk*,
    444 U.S. 320 (1980) ……………………………………………………………………14

*Savin v. Ranier*,
    898 F.2d 304 (2d Cir. 1990) ……………………………………………………………5

*Sole Resort, S.A. v. Allure Resorts Management, LLC*,
    450 F.3d 100 (2d Cir. 2006) ……………………………………………………………11

*Sterling Interiors Group, Inc. v. Haworth, Inc.*,
    1996 WL 426379(S.D.N.Y. July 30, 1996) ……………………………………………13

*Sterling Nat'l Bank & Trust Co. v. Fidelity Mortgage Invs.,*
    510 F.2d 870 (2d Cir. 1975) ............................................................................. 8

*Time Share Vacation Club v. Atlantic Resorts Ltd.,*
    735 F.2d 61 (3d Cir. 1984) ............................................................................13

*United Mizrahi Bank Ltd. v. Sullivan,*
    No. 97 Civ. 9282, 2000 U.S. Dist. LEXIS 16157,
    2000 WL 1678040 (S.D.N.Y. Nov. 6, 2000) ................................................ 6

*Vetrotex CertainTeed Corp. v. Consol. Fiber Glass Prods. Co.,*
    75 F.3d 147 (3d Cir. 1996) ............................................................................13

*World Wide Volkswagen v. Woodson,*
    444 U.S. 286(1980) ........................................................................................5

## <u>Statutes</u>

N.Y. CPLR § 301 ............................................................................................4, 5

N.Y. CPLR § 302 ...............................................................................................4

N.Y. CPLR § 302(a)(1) ...............................................................................7,8, 10

Defendant Dr. Edward Z. Cai ("Individual Defendant") respectfully submits this memorandum of points and authorities in support of his motion to dismiss the claims against him in the Complaint filed by Plaintiff SAS Group, Inc. for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Dr. Cai has no connections to New York and has never even been to New York, either for personal or for business reasons. He resides in the State of Washington where he has lived for nearly eight years. He previously lived in Oregon. He has never lived in New York, owns no assets in New York, and has never paid taxes in New York. He is merely an officer of Defendant Lectent, a Washington corporation which has no offices, employees or assets in the State of New York.

Plaintiff's claims in this action are based on representations allegedly made by Lectent to Plaintiff's customers or allegedly potential customers that purportedly misrepresented Lectent's patent rights and improperly accused Plaintiff of infringement. Plaintiff argues that such misrepresentations constitute tortious acts that have caused Plaintiff injury to its business relations. The Complaint alleges, albeit vaguely, that such misrepresentations by Lectent were made at the direction of Lectent's President and Individual Defendant Dr. Edward Cai. The Complaint purports to base personal jurisdiction over Dr. Cai entirely on one, single, conclusory – and incorrect – allegation that he transacts business in the State of New York by visiting customers there.

Plaintiff has no basis to sue Dr. Cai in New York. It is black-letter law that a court cannot exercise personal jurisdiction over a foreign defendant solely on the basis of his

employer's contacts with the forum state. *Calder v. Jones,* 465 U.S. 783, 790 (1984).

Accordingly, the claims against Dr. Cai should be dismissed with prejudice.

## STATEMENT OF RELEVANT FACTS

### I.    Allegations in the Complaint

The Complaint asserts various causes of actions against the Defendants.[1]    Specifically,

Plaintiff's first cause of action seeks a declaratory judgment that Plaintiff's "Smart Lidz" and

"Chef Tony's Smart Lidz" trademarks do not infringe any of Lectent's trademark rights in its

Keepeez® product.[2]    *See* Compl. ¶¶ 35-45.    Plaintiff further asserts claims against Defendants

for unfair business practices, tortious interference, prima facie tort, violation of New York

General Business Law § 349, civil conspiracy, and violation of the Washington Consumer

Protection Act. *Id.* ¶¶ 46-105.    All six of these causes of actions are based on allegations that

Lectent, at the direction of Dr. Cai, improperly asserted patent rights in its Keepeez® product to

Plaintiff's "accounts, customers, and/or distributors" and improperly asserted to such "accounts,

customers, and/or distributors" that Plaintiff's products infringed Defendants' patent rights *See,*

*e.g., id.* ¶¶ 49-54.    Plaintiff also asserted an eighth cause of action for injunctive relief seeking to

enjoin any further improper assertions on the part of the Defendants.

---

[1] Individual Defendant Cai notes that the Complaint is either vague in its assertions or fails to specifically state which causes of actions are asserted against which defendants.    Therefore, for the purposes of this Motion, Individual Defendant Cai assumes all causes of action are being asserted against him and thus moves to dismiss all of the counts asserted in the Complaint for the various reasons set forth herein.

[2] Plaintiff's Complaint is vague with respect to whether this cause of action is being asserted against the Individual Defendant Cai.  If so, in addition to the lack of personal jurisdiction arguments set forth below, Dr. Cai moves to dismiss this count on the alternative basis that he is not the owner of any trademark rights to the KEEPEEZ mark, but rather corporate defendant Lectent owns such rights.  Therefore, Dr. Cai could not possibly be a party to a declaratory judgment on this claim.

With respect to Dr. Cai, the Complaint does not allege sufficient facts in detail that would subject him to personal jurisdiction in New York, and, indeed, no such facts exist. The Complaint acknowledges that the Dr. Cai is a resident of the State of Washington. *Id.* ¶ 5. The Complaint premises personal jurisdiction over Dr. Cai entirely upon the single, conclusory and unfounded allegation that Dr. Cai has "conducted business in New York, including but not limited to visiting customers and potential customers in New York."[3] *See id.* ¶ 19. Plaintiff also summarily attempts to premise liability on Dr. Cai based on Lectent's actions, which Plaintiff alleges are "at the direction of Mr. Cai." *See, e.g., id.* ¶¶ 52, 58. However, Plaintiff's Complaint asserts only conclusory allegations that Dr. Cai is liable for the corporate Defendant's actions within the forum state merely because he is an officer of Defendant Lectent. The Complaint does not otherwise identify any acts personally performed by Dr. Cai in New York. Nor does the Complaint allege any other fact that would constitute contact by Dr. Cai with the forum.

## II.    Facts Relating to Personal Jurisdiction

Plaintiff SAS is a New York corporation with its principal place of business in Tarrytown, New York. *See* Compl. ¶ 4. SAS sells and distributes homecare and kitchencare products throughout the United States and abroad. *Id.* ¶¶ 4, 11.

Individual Defendant Edward Cai has been a resident and domiciliary of the State of Washington since around 2003 and has never travelled to nor been a citizen or domiciliary of New York. *See* Declaration of Edward K. Cai ("Cai Decl.") ¶¶ 3, 4-6, which is incorporated herein by reference. Dr. Cai has never owned, leased or otherwise occupied any real property in New York, has never maintained any tangible or intangible personal property in New York, has never kept bank accounts or made investments in New York, and has never derived any

---

[3] An allegation wholly refuted by Individual Defendant Cai in his declaration. *See* Cai Decl. ¶ 6 (stating he has not ever been to the State of New York).

income from New York. *Id.* ¶ 5.    Moreover, Dr. Cai  has never had any local telephone listing

has never paid any personal taxes in New York. *Id.* ¶ 4.    Indeed, Dr. Cai has never even entered

the State of New York. *Id.* ¶ 6

Dr. Cai is President of Defendant Lectent, LLC. *See* Cai Decl. ¶ 2.  Defendant Lectent is

a limited liability corporation organized under the laws of the State of Washington. *Id.* ¶ 2.

Lectent's sole office is located in Vancouver, Washington, where it maintains all its books and

records. *Id.* ¶ 7.    Defendant Lectent, LLC has never been registered to do business in New York

nor has it ever owned, leased, or otherwise occupied any real property in New York. *Id.* ¶ 9.

Lectent has never maintained any tangible or intangible personal property in New York,

employed persons in New York, or kept bank accounts, made investments, or paid any taxes in

New York. *Id.* ¶ 10.

## ARGUMENT

### I.    The Personal Jurisdiction and Due Process Analysis Under New York Law.

When responding to a Rule 12(b)(2) motion to dismiss, the plaintiff bears the burden of

establishing personal jurisdiction over the defendants. *See Best Van Lines, Inc. v. Walker*, 490

F.3d 239, 242 (2d Cir. 2007); *Int'l Healthcare Exchange, Inc. v. Global Healthcare Exchange,*

*LLC*, 470 F. Supp. 2d 345, 358 (S.D.N.Y. 2007).

The analysis of whether personal jurisdiction exists over Defendant Cai in this case is a

two-step process.  First, the Court must look to the long-arm statute of the State of New York, in

which this District Court sits. *See Best Van Lines, Inc.*, 490 F.3d at 242 (citing *Kronisch v.*

*United States,* 150 F.3d 112, 130 (2d Cir. 1998)).  New York's long-arm statute provides for two

general classes of personal jurisdiction: (1) general jurisdiction under N.Y. CPLR § 301; and (2)

specific jurisdiction under N.Y. CPLR § 302.

Only if the Court first determines that New York has jurisdiction over the Defendant under the long-arm statute does the Court proceed to the second step of the analysis—whether asserting jurisdiction under New York's long-arm statute would be compatible with requirements of due process established under the Fourteenth Amendment. *See Best Van Lines*, 490 F.3d at 242. Even if jurisdiction were appropriate under the long-arm statute, the second step of the analysis—"whether exercise of jurisdiction comports with due process" – also must be satisfied. *See Savin v. Ranier*, 898 F.2d 304, 306 (2d Cir. 1990). To satisfy due process, a plaintiff must show that its claim arises out of or relates to defendant's contacts with New York, and that the defendant could foresee being haled into court in New York. *See World Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980).

## II.    Plaintiff Lacks Factual Support To Establish General Jurisdiction Over Defendant Under Section 301.

The general jurisdiction statute in New York states that "[a] court may exercise such jurisdiction over persons ... as might have been exercised heretofore." N.Y. CPLR § 301. This section has been construed to authorize the exercise of jurisdiction over a foreign person or corporation if the defendant "'does business' in New York in the '*traditional sense.*'" *Burrows Paper Corp. v. R.G. Engineering, Inc.*, 363 F. Supp. 2d 379, 383 (N.D.N.Y. 2005) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.,* 902 F.2d 194, 198 (2d Cir.1990)). This standard has been interpreted to allow jurisdiction "only when the defendant is 'engaged in such a continuous and systematic course of doing business [in New York] as to warrant a finding of its presence' in the jurisdiction." *Id.* Occasional or casual business in New York does not suffice. *Id.*

The standard for general jurisdiction is stringent because a person subject to the Court's general jurisdiction may be sued in New York "on causes of action wholly unrelated to acts done in New York." *In re Ski Train Fire,* 230 F. Supp. 2d 376, 382 (S.D.N.Y. 2002). New York

5

courts have generally focused on the following factors to determine whether a party is "doing business" for the purpose of general jurisdiction: "the existence of an office in New York; the solicitation of business in New York; the presence of bank accounts or other property in New York; and the presence of employees or agents in New York." *Burrows Paper Corp.*, 363 F. Supp. 2d at 384 (quoting *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.,* 918 F.2d 1039, 1043 (2d Cir. 1990)).

The Complaint does not contain a single fact to show that Dr. Cai had "permanent and continuous" contact with New York in the traditional business sense sufficient to satisfy the stringent standard for general jurisdiction.[4]  Indeed, as explained above, no facts support general jurisdiction over Dr. Cai. *See* Cai Decl. ¶¶ 4-6.  Considering these facts, Dr. Cai cannot be said to be "doing business" in New York with any measure of permanence or continuity.  Thus, general jurisdiction cannot be sustained.

Furthermore, as it pertains to individual corporate employee defendants, this Court lacks jurisdiction under Section 301 over Defendant Cai.  "[A]n officer of the corporation does not subject himself[] individually to 301 jurisdiction unless he is doing business in [New York] individually." *MedPay Sys., Inc. v. MedPay USA, LLC*, No. 06-CV-1054, 2007 U.S. Dist. LEXIS 30201, at *19 (E.D.N.Y.  March 29, 2007) (quoting *United Mizrahi Bank Ltd. v. Sullivan,* No. 97 Civ. 9282, 2000 U.S. Dist. LEXIS 16157, 2000 WL 1678040, at *3 (S.D.N.Y. Nov. 6, 2000)).  Thus, for the Court to have jurisdiction over Edward Cai under *CPLR § 301,* Plaintiff must allege that he was doing business as an individual, not as an officer or employee of Lectent. *See id.*  Plaintiff fails to allege any such facts.

---

[4] Plaintiff falsely alleges in conclusory fashion that Dr. Cai has "conducted business in New York, including but not limited to visiting customers and potential customers in New York." *See* Compl. ¶ 19.

**III.    Plaintiff Lacks Factual Support To Establish Specific Jurisdiction Over Defendant Under Section 302.**

    **A.    Jurisdiction does not exist pursuant to N.Y. CPLR § 302(a)(1).**

N.Y. CPLR § 302(a)(1) states the following:

> (a)  Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state.

N.Y. CPLR § 302(a)(1).  New York courts evaluating specific jurisdiction under N.Y. CPLR 302(a)(1) must decide (1) whether the defendant "transacts any business" in New York and, if so, (2) whether the cause of action "aris[es] from" such a business transaction. *See Best Van Lines, Inc.,* 490 F.3d at 246.

    In other words, in order to establish jurisdiction under *CPLR § 302(a)(1)*, Plaintiff must show either that Cai's own contacts with New York satisfy the statute's requirements or that the Court's jurisdiction over corporate Defendant Lectent should be imputed to Cai under an agency theory. *MedPay Sys., Inc.* 2007 U.S. Dist. LEXIS 30201, at *23; *Hypoxico, Inc. v. Colo. Altitude Training LLC,* No. 02 Civ. 6191, 2003 U.S. Dist. LEXIS 11862, 2003 WL 21649437, at *3 (S.D.N.Y. July 14, 2003).

    Plaintiff's Complaint includes counts directed to alleged tortious interference, unfair business practices and the aforementioned declaratory claim for non-infringement of trademark rights that Dr. Cai does not own himself.   However, all of these counts are premised upon alleged misrepresentations of patent rights by Lectent.  None of these counts are based on allegations involving Defendant's supply of goods or services in New York.  Indeed, even the

Complaint's jurisdictional allegations do not allege that the Dr. Cai contracted to supply goods or services in New York. As a result, the only remaining basis for jurisdiction under CPLR § 302(a)(1) is that Dr. Cai "transact[ed] any business" in New York.

As shown below, the specific jurisdiction question is not even close. There is simply no factual or legal basis to find that Dr. Cai has subjected himself to jurisdiction in New York for claims based on Lectent's alleged misrepresentations.

1.     Individual Defendant Cai did not "transact business" in New York.

Under N.Y. CPLR 302(a)(1), New York courts define "transact[ing] business" as activity by which a defendant purposefully avails itself of the privilege of conducting activities within New York, thereby invoking the benefits and protections of New York's laws. *See Best Van Lines, Inc.*, 490 F.3d at 246 (citing *McKee Elec. Co. v. Rauland-Borg Corp.,* 229 N.E.2d 604, 607, 283 N.Y.S.2d 34, 37-38 (1967)). Courts look to "the totality of the defendant's activities within the forum" to determine whether there is sufficient "purposeful activity." *See id.* (citing *Sterling Nat'l Bank & Trust Co. v. Fidelity Mortgage Invs.,* 510 F.2d 870, 873 (2d Cir. 1975)). The totality of Dr. Cai's activities within New York leads to one inescapable conclusion— Defendant Cai has not purposefully conducted activities within New York such that they invoked the benefits and protections of New York law.

Rather, Defendant Cai has no contacts with the forum state. Dr. Cai has not ever traveled to the State of New York. Cai Decl. ¶ 6. As President of Lectent, Dr. Cai is responsible for executive decisions regarding the daily operations of the company. Dr. Cai's responsibilities as President of Lectent do not require him to make sales calls to New York, and Dr. Cai has made none in his personal capacity. *Id.* ¶ 6. Instead, Lectent has sales personnel to handle such activities. *Id.* ¶ 8. Plaintiff's only allegation of Defendant Cai's direct contact with New York,

8

that Dr. Cai has traveled to New York to speak with customers, is false. Plaintiff has failed to make sufficient jurisdictional allegations to make a *prima facie* showing of jurisdiction based on Edward Cai's individual contacts with New York.

Dr. Cai's direct contacts with New York are lacking and cannot support personal jurisdiction on that basis. Moreover, Plaintiff also fails to establish jurisdiction based on an agency theory. First, Plaintiff fails to allege any such agency relationship in the Complaint. Plaintiff's vague and general statements in the Complaint that Lectent acted "under the direction of Mr. Cai" (*See, e.g.,* Compl. ¶ 20) are insufficient to make a prima facie showing of agency. *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998). As this Court has stated, "[c]ourts have also routinely granted 12(b)(2) motions for lack of personal jurisdiction where the plaintiff made only broadly worded and vague allegations about a defendant's participation in the specific matter at hand." *Karubu Corp. v. Gitner*, 16 F. Supp. 2d 319, 324 (S.D.N.Y. 1998) (citing *Interiors Group, Inc. v. Haworth, Inc.,* 1996 U.S. Dist. LEXIS 10756, at *47 (S.D.N.Y. July 30, 1996).

In *Karubu Corp.*, this Court granted a 12(b)(2) motion to dismiss holding that plaintiff's complaint included only the general allegations that the individual defendants "directed" the corporation to perform the activities alleged to be wrongful under the plaintiff's claims. *Id.* at 324-25. The Court held that such general allegations were "completely devoid of any factual specificity indicating how each of the [individual] defendants participated in the allegedly tortuous conduct" and thus dismissed the complaint for lack of personal jurisdiction. *Id.* at 325. Similarly, in the case at hand, Plaintiff's complaint only includes the general allegation that Dr. Cai "direct[ed}" the corporate defendant Lectent to engage in the allegedly improper acts forming the basis of Plaintiff's claims. *See* Compl. ¶ 20. Such vague allegations cannot support

9

the exercise of personal jurisdiction. *See Pilates, Inc. v. Current Concepts*, 1996 U.S. Dist.

LEXIS 15415, 1996 WL 599654, at *3 (S.D.N.Y. Oct. 18, 1996) (vague allegation that

defendant controlled the corporation, without any description of defendant's role in tortious

conduct, was insufficient to make prima facie showing of personal jurisdiction).

   Even if Plaintiff's Complaint could be construed to have properly pled an agency theory

based on the limited allegations that Edward Cai directed Lectent's activities, such theory would

fail as there is no factual support in the Complaint to meet the elements of the agency test.

Under an agency theory, an out-of-state corporate officer who has not personally transacted

business in New York can still be subject to personal jurisdiction under *CPLR § 302(a)(1)* if it

can be shown that the corporation transacted business in New York as the officer's agent.

*Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467, 572 N.Y.S.2d 195, 522 N.E.2d 40 (1988).

A plaintiff must "convince the court that [the corporation] engaged in purposeful activities in this

State in relation to his transaction for the benefit of and with the knowledge and consent of [the

individual defendants] and that they exercised some control over [the corporation] in the matter."

*Id.*

   "At the heart of this inquiry is whether the out-of-state corporate officers were 'primary

actors in the transactions in New York' that gave rise to the litigation, and not merely 'some

corporate employee[s] who . . . played no part in' it." *Karabu Corp*, 16 F. Supp. 2d at 323

(quoting *Retail Software Services, Inc. v. Lashlee,* 854 F.2d 18, 22 (2d Cir. 1988)).  To make a

prima facie showing of "control," a plaintiff's allegations must "sufficiently detail the

defendant's conduct so as to persuade a court that the defendant was a 'primary actor' in the

specific matter in question; control cannot be shown based merely upon a defendant's title or

position within the corporation, or upon conclusory allegations that the defendant controls the corporation." *Id.* at 324.

Plaintiff fails to satisfy the "control" prong of the agency test, which requires Plaintiff to plead facts showing that Defendant Cai "exercised some control" over the tortious actions allegedly committed in New York by Lectent. Plaintiff's conclusory allegations that Dr. Cai directed Lectent as an officer of Lectent is insufficient to establish control. *See Kinetic Instruments v. Lares,* 802 F. Supp. 976, 984-85 (S.D.N.Y. 1992) ("the fact that [the defendant] is the President and majority shareholder of [the corporation] does not necessarily mean that the corporation will be considered his agent"); *Ontel Prods., Inc. v. Project Strategies Corp.,* 899 F. Supp. 1144, 1148 (S.D.N.Y. 1995) ("[plaintiff] cannot obtain personal jurisdiction over [defendant] based solely on his position as President of P.S.C.; instead, [plaintiff] must show that [defendant] personally took part in the activities giving rise to the action at issue."). Plaintiff fails to allege any facts that specifically describe Defendant Cai's role and involvement in the alleged wrongful conduct. Therefore, Plaintiff has failed to plead adequately facts sufficient to exercise personal jurisdiction over Dr. Cai under an agency theory.

2.. Even if the Individual Defendant "transacted business" in New York, Plaintiff's claims do not arise from the transacting of such business.

Even if Dr. Cai "transacted business" in New York, Plaintiff's claims do not arise from any such business. *See Deutsche Bank Sec., Inc. v. Montana Bd. of Invs.,* 7 N.Y.3d 65, 71-72, 850 N.E.2d 1140, 1142, 818 N.Y.S.2d 164, 167 (2006); *Best Van Lines, Inc.*, 490 F.3d at 249. Under New York law, a claim arises from a particular transaction when "there is a substantial relationship between the transaction and the claim asserted." *Deutsche Bank,* 7 N.Y.3d at 71-72, 850 N.E.2d at 1142, 818 N.Y.S.2d at 167 (citing *Sole Resort, S.A. v. Allure Resorts Management, LLC,* 450 F.3d 100, 103 (2d Cir. 2006)); *see also Kreutter*, 71 N.Y.2d at 467, 522 N.E.2d at 43,

11

527 N.Y.S.2d at 198-99. A connection that is "'merely coincidental' is insufficient to support jurisdiction." *Johnson v. Ward*, 4 N.Y.3d 516, 520, 829 N.E.2d 1201, 1203, 797 N.Y.S.2d 33, 35 (N.Y. 2005).

> i.    *The Claims Do Not Relate to or Arise from*
> *Dr. Cai's Contacts with New York*

Plaintiff must assert specific personal jurisdiction, founded on Defendant's alleged contacts with the forum state which are related to the cause of action. *See, e.g., Dollar Sav. Bank v. First Sec. Bank of Utah, N.A.*, 746 F.2d 208, 211 (3d Cir. 1984) (collecting cases). Plaintiff has not alleged any facts which would show that their purported injuries arose out of or relate in any way to the personal activities of Dr. Cai in New York. In fact, Defendant Cai has no contacts with the forum state. Plaintiff's only allegation of Defendant Cai's contact with New York, that Dr. Cai has traveled to New York to speak with customers, is false as detailed previously. Cai Decl. ¶¶ 4-6. Even if true, there are no allegations in the Complaint that such visits involved the alleged misrepresentations on which most of the claims are based. Indeed, there cannot be such allegations as there are no contacts between Dr. Cai and New York.

Moreover, even liberally construing the allegations in the complaint, it is clear Plaintiff failed to adequately allege an agency theory imputing Lectent's acts to Defendant Cai. Nonetheless, such a theory would further fail as the allegations in the Complaint do not arise from any of the Defendants' conduct within New York. Plaintiff summarily asserts that Lectent, at the direction of Dr. Cai, improperly misrepresented its patent rights to Plaintiff's customers. However, there is no indication that such misrepresentations took place in New York or with Plaintiff's customers who were based in New York. Thus, Plaintiff cannot satisfy the first prong of the personal jurisdiction test, and on that basis alone, the claims against the Dr. Cai should be dismissed.

   *ii.*  *Dr. Cai Has Not Availed Himself of the*
     *Privilege of Conducting Activities in New York*

  Another, and independent, basis to dismiss the claims against the Individual Defendant is

that he did not purposefully avail himself of the privilege of conducting activities within New

York. *See Vetrotex CertainTeed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 152 (3d

Cir. 1996). The purposeful availment element "ensures that a defendant will not be haled into a

jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Burger King Corp.*

*v. Rudzewicz,* 471 U.S. 462, 475 (1985) (quotations and citations omitted).

  Here, Dr. Cai did not even have "random, fortuitous, or attenuated contacts" with New

York. In fact, Defendant Cai had no contacts. The Complaint does not allege facts which would

indicate that Dr. Cai had any contacts with New York relating to Plaintiff's claims, and instead

relies solely on conclusory allegations (*see* Compl. ¶ 19), which have no weight on the issue of

personal jurisdiction. *See Sterling Interiors Group, Inc. v. Haworth, Inc.*, 1996 WL 426379, at

\*15 (S.D.N.Y. July 30, 1996); *see also Time Share Vacation Club v. Atlantic Resorts Ltd.*, 735

F.2d 61, 65, 66 n.9 (3d Cir. 1984) ("[A]t no point may a plaintiff rely on the bare pleadings alone

in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam

jurisdiction."). As demonstrated in the Dr. Cai's declaration, these conclusory allegations are

false, as the Edward Cai has had <u>no</u> contacts with New York or with Plaintiff relevant to the

allegations in support of Plaintiff's claims. Cai Decl. ¶¶ 4-6.

  Not only are the Complaint's allegations that "Defendants" misrepresented patent rights

and improperly alleged infringement to Plaintiff's customers demonstrably untrue, but they are

also legally insufficient to establish personal jurisdiction over employees of Lectent. It is well-

settled that an officer or employee may not be subjected to jurisdiction in a forum based solely

on actions taken for the benefit of the employer. *See, e.g., Ivy Mar Co. v. C.R. Seasons Ltd.,*

1997 U.S. Dist. LEXIS 897, 1997 WL 37082, at *6 (E.D.N.Y. Jan. 24, 1997) (dismissing claims against general manager and partial owner of corporation where plaintiff failed to allege that wrongful conduct was for the defendants' "personal benefit"); *see also Kransco Mfg., Inc. v. Markwitz*, 656 F.2d 1376, 1379 (9th Cir. 1981) ("A corporate officer who has contact with a forum only with regard to the performance of his official duties is not subject to personal jurisdiction in that forum."); *Calder*, 465 U.S. at 790 ("Each defendant's contacts with the forum State must be assessed individually.") (citing *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)). Indeed, Dr. Cai can have no reasonable expectation of being haled into court in the State of New York in view of the fact that he simply has had no contact with the State. *See Burger King*, 471 U.S. at 474-75.

## CONCLUSION

Because the exercise of personal jurisdiction over the Individual Defendant Edward Cai would violate due process, the claims against Edward Cai should be dismissed with prejudice for lack of personal jurisdiction.

14

Dated: September 5, 2008
New York, NY

Respectfully submitted,

VENABLE LLP
Michael C. Hartmere (MH-6839)
1270 Avenue of the Americas
The Twenty-Fifth Floor
New York, New York  10020
Phone: (212) 307-5500
Fax: (212) 307-5598
mchartmere@venable.com

Roger A. Colaizzi (application for admission pending)
Mary Ellen R. Himes (*pro hac vice* admission pending)
575 7th Street, N.W.
Washington, D.C. 20004
Phone: (202) 344-4000
Fax: (202) 344-8300
racolaizzi@venable.com
mehimes@venable.com

*Counsel for Lectent, LLC and Edward Z. Cai*

15

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of September, 2008, I caused a true and correct copy of the foregoing Motion to Dismiss and Memorandum in Support Thereof to be filed with the Clerk of the Court via the Cm/ECF system, which caused notice of such filing to be served on:

> Kevin J. Harrington
> John T. A. Rosenthal
> HARRINGTON, OCKO & MONK, LLP
> 81 Main Street, Suite 215
> White Plains, New York 10601

Michael C. Hartmere

16